1   HUMBERTO GUIZAR SBN: 125769
    LAW OFFICES OF HUMBERTO GUIZAR
2   3500 West Beverly Blvd.
    Montebello, California 90640
3   Telephone: (323) 725-1151
    Facsimile : (323) 725-0350
4   e-mail: herito@aol.com

5   Attorney for Plaintiff
    ANTHONY RODRIGUEZ
6

7                 UNITED STATES DISTRICT COURT

8                 CENTRAL DISTRICT OF CALIFORNIA

9
    ANTHONY RODRIGUEZ,                 )   CASE NO: CV11- 01231 RSWL (JCGx)
10                                     )
                     Plaintiff,        )   COMPLAINT FOR DAMAGES:
11                                     )
                                       )   CIVIL RIGHTS VIOLATIONS
12        vs.                          )   1. Excessive Force and Denial of
                                       )      Medical Care (42 U.S.C. § 1983)
13                                     )   2. Failure to Intervene
    COUNTY OF LOS ANGELES, and         )      (42 U.S.C. § 1983)
14  DOES 1 THROUGH 20, INCLUSIVE.      )   3. Municipal Liability
                                       )      (42 U.S.C. § 1983)
15                                     )
                                       )   PENDENT STATE-LAW
16                   Defendants.       )   CLAIMS
                                       )   4. Assault and battery
17  _____)   5. Negligence

18                         COMPLAINT

19        COMES NOW PLAINTIFF ANTHONY RODRIGUEZ and alleges as

20  follows:

21                             I.

22                 VENUE AND JURISDICTION

23  1.     This action is brought pursuant 42 U.S.C. §§ 1983, and the Fourth and

24  Fourteenth Amendments of the United States Constitution. Jurisdiction is founded

25  on 29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory

26  and Constitutional provisions.

27
    _____
                 PLAINTIFF'S COMPLAINT FOR DAMAGES

2.      Venue is proper in the Central District of California. The injury occurred in the City of Los Angeles, within the County of Los Angeles, California. Plaintiff filed a timely governmental claim against the Defendants for the State Causes of action, which was rejected by the Defendants. Further, Plaintiff filed a timely administrative claim in compliance with The Prison Litigation Reform Act. Plaintiff either exhausted all of his remedies under the Prison Litigation Reform Act, or he otherwise lacked the opportunity and physical ability to do so.

## II.

## PARTIES

3.      At all times relevant hereto, Plaintiff, ANTHONY RODRIGUEZ is and was a resident of the  County of Los Angeles, California.

4.      At all times mentioned herein, defendants COUNTY OF LOS ANGELES, (hereinafter referred to as "COLA") was a public governmental entity duly organized and existing under and by virtue of the laws of the state of California.

5.      At all times relevant herein, defendants Does 1-20 were residents of the County of Los Angeles, and were Deputy Sheriffs, sergeants, captains, lieutenants, commanders  and/or civilian employees, agents and representatives of the COLA Sheriffs Department and employees, agents and representatives of COLA. At all times relevant hereto, said defendants were acting within the course and scope of their employment as deputies, sergeants, captains, and/or civilian employees of the COLA Sheriffs Department, a department and subdivision of defendant COLA.  Each said defendant is sued in his or her official capacity and in his or her personal capacity.

6.      Plaintiff, ANTHONY RODRIGUEZ, (also "Plaintiff ") is ignorant of the true names and capacities of defendants sued herein as Does 1 through 20 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

1  defendants is responsible in some manner for the occurrences herein alleged, and that

2  Plaintiff 's injuries as herein alleged were proximately caused by the acts and/or

3  omissions of said fictitiously named defendants.

4  7.    At all times relevant herein, defendants, Does 1 through 10,  inclusive, and

5  each of them, were acting under color of law, to wit, under the color of the statutes,

6  ordinances, regulations, policies, customs, practices and usages of defendant COLA,

7  its Sheriffs Department, and the State of California.

8  8.    At all times relevant herein, defendants DOES 11  through 20, inclusive, were

9  supervisors and policy makers for the COLA Sheriffs Department.

10                                    **III.**

11                   **FACTS COMMON TO ALL ACTIONS**

12  9.    On or about February 9, 2009, Plaintiff  ANTHONY RODRIGUEZ  was

13  housed as an inmate at the Los Angeles County Jail, located at 444 North Bauchett

14  Street, Los Angeles, California. On said date Plaintiff was ordered by Does 1-10 to

15  face the wall. Plaintiff was also told by Does 1-10 not to look at them in the face.

16  While Plaintiff was facing away from the deputies and facing the wall as ordered by

17  the deputies he was assaulted, beaten,  and terrorized by Does 1 Through 10. As a

18  result of this brutal unprovoked attack Plaintiff sustained multiple lacerations and

19  bruises to face, leg and body, a Scaphoid fracture, a wrist fracture, and other serious

20  physical and emotional injuries.

21                                    **IV.**

22                 **FIRST  COUNT/CAUSE OF ACTION**

23              **VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE**

24                **FROM UNREASONABLE AND EXCESSIVE FORCE**

25                      **[AS TO DEFENDANT DOES 1-10]**

26  11.    Plaintiff  repeats and realleges each and every allegation of paragraphs 1

27  through 10 as though fully set forth herein.

12.     This cause of action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth  Amendments of the United States Constitution.

13.     On and before February  9, 2009, Plaintiff possessed  the rights, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures in the form of excessive force by Deputy Sheriffs acting under the color of law.

14.     Defendants Does 1 through 10, without just and legal cause physically assaulted the Plaintiff, and thereby caused Plaintiff the various injuries and damages alleged herein.

15.     Plaintiff never assaulted said defendant(s) or any other person, was unarmed, compliant and helpless, and the use of force on Plaintiff was unjustified and unreasonable under the circumstances constituted an excessive use of force. Said use of excessive force violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

16.     Defendants Does 1 through 10  acted specifically with the intent to deprive ANTHONY RODRIGUEZ of the following rights under the United States Constitution.

        a.      Freedom from unreasonable searches and unreasonable seizures, in the form of the use of excessive force by Deputy Sheriffs,

        b.      Freedom from a deprivation of liberty without due process of law; and

        c.      Freedom from summary punishment;

        d.      Right to be provided prompt and timely medical and/or other attention while under police custody;

17.     Said defendants subjected Plaintiff  to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the U.S. Constitution.

18.   As a direct and proximate result of the aforementioned acts of defendants Does 1 through 10, Plaintiff suffered serious physical injuries, which caused him serious and permanent injuries, and have physically, psychologically, and emotionally impaired him permanently.

19.   The aforementioned acts of defendant Does 1 through 10, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to defendants Does 1 through 10.

**V.**

**SECOND COUNT/CAUSE OF ACTION**

**FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS**
**[AS TO DEFENDANTS DOES 1 THROUGH 10 INCLUSIVE,**
**INDIVIDUALLY AND AS SHERIFF DEPUTIES OF THE**
**COUNTY OF LOS ANGELES]**

20.   Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs 1 through 19 as though fully set forth herein.

21.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of Plaintiff's procedural and substantive due process rights.

22.   On February 9, 2009, at the time and place alleged herein, Defendants Does 1 through 10, inclusive, were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted assault and attack by Defendants, Does 1 through 10.

23.   At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the events described above, and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

24.   Furthermore, at said date and location, in deliberate indifference to Plaintiff's

life, health and Constitutional rights, said defendants intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening to protect Plaintiff from being subjected to physical and emotional abuse. As a result thereof, Plaintiff was attacked by Defendants Does 1 through 10 in violation of his rights under the Fourth and 14th Amendments of the Constitution of the United States of America.

25.    As a direct and proximate result of the aforementioned acts of Defendants Does 1 through 10, Plaintiff suffered serious physical injuries, which caused him serious and permanent injuries, and have physically, psychologically, and emotionally impaired him permanently.

26.    The aforementioned acts of Defendants Does 1 through 10, was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

**VI.**

**THIRD COUNT/CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL**

**CUSTOM OR POLICY, 42 U.S.C. § 1983**

**[AGAINST DEFENDANTS COUNTY AND DOES 11-20]**

27.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28.    On and for some time prior to February 9, 2009, (and continuing to the present date) Defendants COLA and DOE SUPERVISORS, Does 11 Through 20 deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and

liberties of the public in general, of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COLA custom, policy, and practice of:

(a)     Employing and retaining as Deputy Sheriff's and other personnel, including Defendants Does 1 through 10, who Defendant COLA and Does 11 Through 20 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COLA policies;

(b)     Of inadequately supervising, training, controlling, assigning, and disciplining COLA Deputy Sheriff's, and other COLA personnel, including Defendants Does 1 through 10, who Defendant COLA and Does 11 Through 20 each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)     By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants Does 1 through 10, who are COLA Police Officers;

(d)     By having and maintaining an unconstitutional custom and practice of using excessive force, denying injured suspects immediate medical care, and covering up police misconduct. These customs and practices by COLA and Does 11 Through 20 were done with a deliberate indifference to individuals' safety and rights.

29.     By reason of the aforementioned policies and practices of Defendants COLA and Does 11 Through 20, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

30.     Defendants COLA and Does 11 Through 20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and

1  through actions and inactions thereby ratified such policies. Said defendants also

2  acted with deliberate indifference to the foreseeable effects and consequences of

3  these policies with respect to the constitutional rights of Plaintiff, and other

4  individuals similarly situated.

5  31.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct

6  and other wrongful acts, Defendants COLA and Does 11 Through 20, acted with an

7  intentional, reckless, and callous disregard for the well-being of Plaintiff and his

8  constitutional as well as human rights.  Defendants COLA and Does 11 Through 20,

9  and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and

10  extremely offensive and unconscionable to any person of normal sensibilities.

11  32.    Furthermore, the policies, practices, and customs implemented and maintained

12  and still tolerated by Defendants COLA and Does 11 Through 20, were affirmatively

13  linked and were a significantly influential force behind the Plaintiffs' injuries.

14  33.    Accordingly, Defendants COLA and Does 11 Through 20, each are liable to

15  Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

16  **VII.**

17  **FOURTH COUNT/CAUSE OF ACTION**

18  **ASSAULT AND BATTERY**

19  **[AGAINST DEFENDANTS DOES 1 THROUGH 10]**

20  34.    Plaintiff repeats and realleges each and every allegation of paragraphs 1

21  through 33 as though fully set forth herein. As to the following causes of action

22  Plaintiff  herein invokes the supplemental jurisdiction of this Court to hear and

23  determine these claims.

24  35.    At that time and place herein above alleged, defendants Does 1 through 10,

25  without just and legal cause, physically attacked and used brute force on the

26  Plaintiff, as described above, thereby causing Plaintiff great fear, apprehension and

27  emotional distress and placed him in immediate fear for his life.

36.   Said harmful and offensive contact, was intentionally committed by said defendant and was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these individual defendant(s).

37.   Said assault and battery was not consented to by the present Plaintiff and was the proximate cause of the injuries complained of herein.

## VIII.

## FIFTH  COUNT/CAUSE OF ACTION

## NEGLIGENCE

## [AGAINST DEFENDANTS DOES 1 THROUGH  20]

38.   Plaintiff hereby repeats, realleges and incorporates, as though fully set forth herein, each allegation of paragraphs 1 through 37 above.

39.   Plaintiff is informed and believes and thereon alleges that on September 12, 2008 Defendant Does 1 through 10  did negligently, violently and without due care, and without cause or provocation assault, batter, and cause injury to Plaintiff.

40.   The assault, and battery occurred as a result of the absence off due care for the safety of others and  constituted  an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff. Plaintiff was free of any negligence in the events leading up to the assault and battery.

41.   Furthermore, Defendants COLA,  and Does 11 through 20 , inclusive, are directly liable and responsible for the acts of Defendants, Does 1 through 10 inclusive, because defendants COLA,  and Does 11 through 20, failed to adequately supervise, discipline or in any other way control said defendants unlawful behavior stated above.

42.   Defendants COLA, and Does 11 through 20 , inclusive,  are directly liable and responsible for the acts of Defendants Does 1  through 10 because said Defendant COLA  and supervising Deputies repeatedly  and  knowingly  and negligently failed to enforce the laws of the State of California and the regulations

1  of said defendant COLA and its Sheriffs Department in the Los Angeles County Jail,
2  thereby creating within the said Sheriffs Department and it Jails an atmosphere of
3  lawlessness in which Deputies would  employ excessive and illegal force and
4  violence, in the belief that such acts will be condoned and justified by their
5  supervisors, and said defendant COLA and supervising defendants therefore were
6  or should have been aware of such unlawful acts and practices prior to and at the
7  time of the assault and battery of the present Plaintiff .

8  43.    As a proximate result of the acts and omissions of all said defendants and each
9  of them,  and of the physical injury caused Plaintiff, Plaintiff has suffered extreme
10 and severe mental anguish and pain and has been injured in mind and body all to
11 Plaintiff 's general damage according to proof.

12 44.    Furthermore, Defendants COLA,  and Does 11 through 20 , inclusive, also
13 were negligent in failing to provide defendants Does 1 through 10, the proper and
14 special training necessary for the duties they could foreseeably be expected to
15 perform in the course of their employment in that defendants Does 1 through 10,
16 received inadequate training in the proper use of force and police tactics. As a direct
17 and proximate result of this failure to provide adequate use of force and tactics
18 training to Defendants Does 1 through 10, inclusive, the assault and battery of
19 Plaintiff occurred, thereby  causing Plaintiff  the losses and injuries herein
20 complained of.

21 45.    Further, the assault and battery of Plaintiff was a result of failure of the
22 defendants COLA, and Does 11 through 20 , inclusive, and their Sheriffs Department
23 to adequately and sufficiently train its Deputies as to proper police practices.

24 46.    Defendants COLA, and Does 11 through 20 , inclusive, also negligently
25 hired and retained Defendants Does 1 through 10, when it was known or should have
26 been known by Defendants COLA, Does 11 through 20, inclusive, that Defendants
27 Does 1 through 10 had on prior occasions used excessive force and/or had

1  participated in the concealment and cover-up of misconduct.

2  47.   As a result of the lack of due care by defendants Does 1 through 10 and Does

3  1 through 20, inclusive, Plaintiff suffered, and continues to suffer, severe emotional

4  and psychological pain, suffering, anguish, shock, and fear.

5                                    **IX.**

6                                  **PRAYER**

7        WHEREFORE, Plaintiff, demands the following relief, jointly and severally,

8  against all the defendants with respect to the First, Second, Third, Fourth, Fifth.

9  Sixth and Seventh Causes of Action:

10       a)     Compensatory general and special damages in an amount in accordance

11              with proof;

12       b)     Exemplary damages, against each of the individual Deputy Sheriffs, as

13              spelled out in each cause of action, in an amount sufficient to deter and

14              to make an example of those defendants;

15       c)     Reasonable attorneys' fees and expenses of litigation as provided for in

16              42 U.S.C. §1988;

17       e)     Costs of suit necessarily incurred herein;

18       f.     Prejudgment interest, and

19       g)     Such further relief as the Court deems just or proper.

20

21  Dated: February 8, 2011              LAW OFFICES OF HUMBERTO GUIZAR

22

23

24                                 By:_____
                                       HUMBERTO GUIZAR
25                                     Attorneys for Plaintiff
                                       ANTHONY RODRIGUEZ
26

27

1                   **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands a trial by jury.

3

4 Dated: February 8, 2011       LAW OFFICES OF HUMBERTO GUIZAR

5

6                       By: _____

6                           HUMBERTO GUIZAR

7                           Attorneys for Plaintiff
7                           ANTHONY RODRIGUEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV11- 1231 RSWL (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Humberto Guizar, Esq.
Law Offices of Humberto Guizar
3500 W. Beverly Blvd.
Montebello, CA 90640
Tel: (323) 725-1151   Fax: (323) 725-0350

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RODRIGUEZ<br><br>PLAINTIFF(S)<br><br>v.<br><br>COUNTY OF LOS ANGELES, and DOES 1 THROUGH 20, INCLUSIVE<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-01231 RSWL (JCGx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): COUNTY OF LOS ANGELES

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Law Offices of Humberto Guizar_____, whose address is _3500 W. Beverly Blvd, Montebello, CA 90640_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: _____FEB - 9 2011_____

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Anthony Rodriguez | County of Los Angeles |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Humberto Guizar, Esq.<br>Law Offices of Humberto Guizar<br>3500 W. Beverly Blvd., Montebello, CA 90640 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ I U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Excessive force and Denial of Medical Care 42 U.S.C. 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV11-01231**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Anthony Rodriguez, Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 2/9/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |